[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 04-13453
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 30, 2005
THOMAS K. KAHN
CLERK

D.C. Docket  No. 03-00182-CR-C-S

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

KENNETH K. LIVESAY,

Defendant-Appellee.

----------------------------------------------------------------

Appeal from the United States District Court
for the Northern District of Alabama

----------------------------------------------------------------

(August 30, 2005)

Before EDMONDSON, Chief Judge, TJOFLAT and DUBINA, Circuit Judges.

PER CURIAM:

The government appeals the sentence imposed against Defendant-Appellee Kenneth K. Livesay, former chief information officer and assistant controller of HealthSouth Corporation, upon Livesay's plea of guilty to a three-count information charging conspiracy to commit wire and securities fraud, 18 U.S.C. § 371, and falsification of financial information filed with the Securities Exchange Commission, 15 U.S.C. §§ 78m(b)(2)(A), 78m(b)(5), 78ff , and 18 U.S.C. § 2. The information also included a forfeiture count, 18 U.S.C. § 981 and 28 U.S.C. § 2461(c). The government contends that the district court erred when, after the government moved under U.S.S.G. § 5K1.1 for a downward departure based on Livesay's substantial assistance, the district court granted a 18-level downward departure. We vacate Livesay's sentence in its entirety and remand this case to the district court for resentencing.

Livesay pleaded guilty to all three counts under a plea agreement in which the government agreed to recommend that Livesay be given a three-level reduction to his offense level for his acceptance of responsibility and also represented it would file a motion for a downward departure, pursuant to § 5K1.1 and 18 U.S.C. §3553(e), if the government determined that Livesay's cooperation and substantial

assistance warranted such a motion. Livesay and the government stipulated to an adjusted offense level of 28; Livesay's criminal history category was I, and the resulting sentencing range was 78 to 97 months' imprisonment. The government made a § 5K1.1 motion for a downward departure in which the government noted, among other things, that Livesay had "truthfully and completely confessed his misdeeds;" "been available on a continuous and regular basis;" "provided invaluable assistance" in helping the government to understand the way the massive fraud was conducted; "provided the government with a roadmap" of the accounting manipulations; and "facilitated both the securing of guilty pleas from other co-conspirators and the prosecution of other individuals yet to be convicted."

At sentencing, the government again chronicled Livesay's cooperation. When queried by the district court about whether Livesay could have assisted the government more, the government acknowledged that Livesay had done all that had been asked of him. The government called the district court's attention to the fact that Livesay was already receiving the benefit of a 3-level departure for acceptance of responsibility and recommended a downward departure of another three levels for a sentence of 60 months' imprisonment. The government stressed at sentencing its position that a substantial term of imprisonment was appropriate punishment for a massive fraud. Questioning of the government by the district

court seems to suggest that the government was not rewarding Livesay sufficiently; the government, in turn, noted that a lot of other witnesses in the case had provided similar information. The sentencing court departed downward 18 levels to a level 10 which, when combined with Livesay's criminal history category of I, yielded a guideline imprisonment range of six to twelve months. The government objected to the reasonableness of the departure and asked that Livesay be sentenced to the maximum of the departure sentencing range of 12 months' imprisonment. The sentence imposed by the court eliminated all imprisonment; it included a $10,000 fine, a $200 special assessment, and a probationary term of 60 months with a special condition of 6 months' home detention on each of Counts One and Two, to run concurrently. Livesay was also ordered to forfeit $750,000, which was to be made available to the victims of the fraud.

After the district court departed downward 18 levels, in explication of the sentence imposed, the district court said only that it was "based on the very substantial nature of the defendant's cooperation and assistance." Other than this comment, the record reveals no explanation for the considerable downward departure in the sentence imposed.

In this appeal, the government concedes that a departure was warranted under § 5K1.1. The government contends, however, that the extent of the departure was unreasonable under the facts of this case, unjustified by the court and constituted an abuse of discretion. See United States v. Blas, 360 F.3d 1268, 1274 (11th Cir. 2004) (the extent of departure is reviewed under an abuse of discretion standard).

Section 5K1.1 allows the sentencing court, upon motion of the government, to depart downward based on the defendant's substantial assistance "for reasons stated." U.S.S.G. § 5K1.1(a). Those reasons may include, among others, consideration of:

> (1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;
> (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;
> (3) the nature and extent of the defendant's assistance;
> (4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;
> (5) the timeliness of the defendant's assistance.

U.S.S.G. § 5K1.1(a). While much latitude is to be afforded the sentencing judge in assessing the nature, extent and significance of an individual defendant's substantial assistance, see U.S.S.G. § 5K1.1 comment. (backg'd), "[t]he

sentencing judge must ... state the reasons for reducing a sentence under this section." Id. (citing 18 U.S.C. § 3553(c)). And 18 U.S.C. § 3553(c) provides that when a sentencing judge imposes a sentence outside the guidelines range, the specific reason for such sentence must be stated with specificity in the written order of judgment and conviction.

We review a downward departure from the guidelines range for "reasonableness." See United States v. Blas, 360 F.3d at 1274. As we explained in Blas, "[w]hen a sentencing court departs from the Guidelines, a reviewing court determines the reasonableness of the departure in light of the factors to be considered in imposing the sentence, and the reasons the district court provided for departing." Id. And, in assessing the § 5K1.1 factors, the sentencing court is required to afford "substantial weight ... to the government's evaluation of the extent of defendant's assistance...." U.S.S.G. § 5K1.1, comment. n.3. Although the departure in this case -- from a level 28 to a level 10 -- was dramatic, the record provides us with scant basis to assess reasonableness: the sentencing court noted the "very substantial nature" of Livesay's cooperation but failed entirely to address specifically the § 5K1.1 factors or otherwise to state reasons supporting the extent of its departure. While we may sense from the sentencing transcript that the district court deemed the government's

6

recommended sentence insufficient payback for Livesay's plea and cooperation, we can only speculate about the district court's reasoning.  We do not say that every § 5K1.1 factor must be separately addressed in the order of judgment and conviction; we say only that this record fails to provide the minimum indicia required to allow us to review for reasonableness.[1]

Accordingly, we vacate Livesay's sentence and remand to the district court for resentencing consistent with this opinion.[2]

VACATED AND REMANDED.

---

[1]Livesay argues that the government made no objection to the sentencing court's failure to articulate its consideration of the relevant sentencing factors and, consequently, has waived objection to the absence of explanation. But the government did object to the reasonableness of the departure; we have no means to determine the reasonableness of the sentencing court's sentence without knowing the reasons for the departure.  The record must be susceptible to meaningful appellate review.

[2]Livesay's sentencing occurred before the Supreme Court's decision in Booker, and no Booker issue was raised in this appeal.  Nonetheless, Booker will apply at resentencing:  the sentencing court will not be bound by the guidelines, but the guideline sentence -- including application of any permitted departures -- will need first to be determined and then sentence imposed after consideration of the factors set forth in 18 U.S.C. § 3553(a).  See United States v. Crawford, 407 F.3d 1174, 1178-79 (11th Cir. 2005).  If a sentence is imposed outside the guidelines range, the sentencing court must state the reasons for the imposition of that sentence.  18 U.S.C. § 3553(c).